IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PEDRO JORGE<br>2087 Baker Drive<br>Allentown, PA 18103 | NO. _____ |
| *Plaintiff,* | CIVIL ACTION |
| vs. | JURY TRIAL DEMANDED |
| PENN BEER DISTRIBUTORS, INC. d/b/a<br>PENN BEER and/or PENN<br>DISTRIBUTORS<br>2801 Township Line Road<br>Hatfield, PA 19440 | |

## COMPLAINT

Pedro Jorge (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Penn Beer Distributors d/b/a Penn Beer and/or Penn Distributors (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.) and other applicable law as pleaded herein.[1] Plaintiff asserts, *inter alia*, that he was discriminated against and unlawfully terminated by Defendant. As a direct consequence of each Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's also intends to amend this pleading to incorporate claims under the Pennsylvania Human Relations Act ("PHRA") after the exhaustion of administrative remedies. The allegations herein relative to those claims are for notice purposes only.

## JURISDICTION AND VENUE

2.  This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under federal law.

3.  This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because some and/or all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.  Venue is also proper in this district for Plaintiff's claim under the ADA consistent with 42 U.S.C. § 2000e-5(f)(3) insofar as such a claim "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice…".

6.  Plaintiff will also seek leave to amend to incorporate a claim under the PHRA at the end of the statute's one-year statutory waiting period. *See* 43 Pa. C.S.A. § 962(c)(1).

## PARTIES

7.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.  Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant Penn Beer Distributors, Inc. d/b/a Penn Beer and/or Penn Distributors is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal and registered place of business at the above-captioned address.

10. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

11. At all times relevant herein, Defendant was an "employer" within the meaning of the ADA, the FMLA, FFCRA, the FLSA and/or the PHRA.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff was deemed based out of Defendant's location 2801 Township Line Road, Hatfield, PA 19440.

14. Plaintiff was originally hired by Defendant in August of 2016 when it was known as Allentown Beverage.

15. In total, Plaintiff was employed from in or about August of 2016 through most of May 2020 (a period of almost 4 years).

16. At all relevant times, Plaintiff was employed by Defendant as a driver.

17. Plaintiff essentially delivered Defendant's products (consisting of beer) along set distribution routes.

18. At the time of his administrative charge, Plaintiff was 50-year-old male who suffered from a long-term and significant anxiety disorder with an associated panic disorder.

19. Plaintiff had a set route while working for Defendant (the "Allentown-Bethlehem" route).

20. Plaintiff delivered along the same general route approximately five ("5") days per week in a full-time capacity.

21. The Allentown-Bethlehem route had been Plaintiff's assigned route through most of his employment, and it was continuously available with a level of distribution need (*even well into the future*).

22. In or around the March 2020 timeframe, Plaintiff required time off from work.

23. In total, Plaintiff wound up taking an approximate 4-week medical leave of absence.

24. Plaintiff's March-April 2020 medical leave was not related to his above disabilities.

25. Instead, the medical leave was due to his wife testing positive for COVID-19, his need to care for her, and his need to quarantine himself.

26. Plaintiff's wife tested positive for COVID-19 on or about March 26, 2020 at St. Luke's Walbert Avenue Medical Center in Allentown, Pennsylvania.

27. Plaintiff returned to work in April of 2020 following his medical leave.

28. Plaintiff's medical leave was supposed to be protected under the Families First Coronavirus Response Act ("FFCRA").

29. Defendant did not comply with FFCRA.

30. When Plaintiff returned to work in or around April of 2020 from his medical leave, he was not immediately reinstated to the same or similar route.

31. Plaintiff was instead required to work as a "helper" assisting a driver.

32. Plaintiff lodged concerns as to why he was not reinstated to his prior role and route post-medical leave.

33. Shortly thereafter, Plaintiff was reinstated to his normal Allentown-Bethlehem route.

34. During the last one ("1") to ("2") years of employment, Plaintiff's primary manager was Matthew Nederostek ("Nederostek"), a Director of Operations.

35. High-level management, inclusive of Nederostek, were specifically aware of Plaintiff's actual, long-term disabilities.

36. Plaintiff had prior discussions and provided medical documentation dating back to mid-2019 to Defendant regarding his disabilities.

37. Plaintiff's discussions and medical documentation indicated that he was unable to *potentially* work certain other routes due to his disabilities.

38. On or about May 21, 2020, Plaintiff was just about to commence his ***normal route***, which was assigned to him and available.

39. However, on or about May 21, 2020, Nederostek approached Plaintiff and told him he had to immediately switch trucks, drive an entirely different route, and do deliveries in different cities and counties.

40. Plaintiff reminded Nederostek that he and the company were aware he had disabilities and that he could not be switched to that route for medical reasons.

41. Nederostek became furious with Plaintiff and terminated him approximately two hours later by way of text message.

42. Plaintiff personally explained that he could not do the route for a medical reason and but was nevertheless terminated.

43. However, another driver (without any medical concern) specifically refused to do the same route right before Plaintiff was approached and he was not terminated.

44. Plaintiff has treated extensively for his disabilities and takes medication.

45.     He suffers from extreme anxiety and panic attacks when must drive into heavily wooded areas **or** completely unfamiliar areas geographically.

46.     Plaintiff was led to believe that his accommodation was easy insofar as he was simply kept on an assigned route.

47.     However, even assuming legitimate business needs came up wherein Plaintiff had to help or work on a different route, Plaintiff still could have also been easily accommodated.

48.     In particular: (1) there was plenty of work for driver helpers daily, so Plaintiff could have just been switched to work as a driver helper on any day needed (as it was the driving that caused panic attacks, not the helping or being a passenger); (2) there were multiple other routes Plaintiff was more familiar with in which he could have been assigned; (3) Plaintiff could have been given one to two days notice of a change of route, so even on his own time, he could and would have reviewed and/or mapped the route to ensure no flare-ups; or (4) Plaintiff could have been given an intermittent FMLA day for being unable to work for a medical reason. These are just a few examples of potential accommodations that would not have caused an undue hardship for the Defendant.

49.     But rather brazenly, Plaintiff was refused a medical accommodation of merely working the same route he was already scheduled to work the same day-which remained available.

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.)**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

50.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51.     Plaintiff was subjected to a hostile work environment during his period of employment through disparate treatment, derogatory comments, and demeaning and/or discriminatory

treatment towards him due to his [1] actual/perceived/record of disabilities; [2] record of impairment and/or [3] requested medical accommodations.

52. Furthermore, Plaintiff believes and avers that he was terminated because of [1] his actual/perceived/record of disabilities; [2] his record of impairment; and/or [3] his requested medical accommodations.

53. These actions as aforesaid constitute violations of the ADA.

### Count II
### Violations of the Families First Coronavirus Response Act ("FFCRA") & the Family and Medical Leave Act ("FMLA")
### ([1] Retaliation & [2] Interference)

54. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

55. Effective April 1, 2020, the FFCRA provided for paid leave through the Emergency Family and Medical Leave Expansion Act to eligible employees.

56. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Family and Medical Leave Expansion Act shall be governed by amendments to relevant sections of the FMLA, as set forth below.

57. Plaintiff was an eligible employee under the amended definitional terms of the FMLA, as one "who has been employed for at least 30 calendar days by the employer with respect to whom leave is requested under [29 U.S.C.A. § 2612 (a)(1)(F)]." *Id.* at § 3102(b).

58. Plaintiff requested leave for a "qualifying need related to a public health emergency," from his employer, with whom he had been employed for at least 30 calendar days. *Id.*

59. Under the FMLA, employees who take leave pursuant to the statute are entitled to return to the same or equivalent position, benefits, pay, and other terms and conditions of employment as they had prior to taking the leave. An employer who denies an employee

these entitlements is in violation of the FMLA. *See* 29 U.S.C. §§ 2614(a)(1), 2615(a); 29 C.F.R. § 825.100(c).

60. Under FFCRA, "The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. 2615, apply to Employers with respect to Eligible Employees taking, or attempting to take, leave under the EFMLEA." 29 CFR 826.151(a).

61. Additionally, "An Employer who commits a prohibited act described in paragraph (a) of this section shall be subject to the enforcement provisions set forth in section 107 of the FMLA, 29 U.S.C. 2617, and § 825.400 of this chapter, except that an Eligible Employee may file a private action to enforce the EFMLEA only if the Employer is otherwise subject to the FMLA in the absence of EFMLEA."

62. Defendant committed interference and retaliation violations of the FFCRA/FMLA by: (1) refusing to reinstate Plaintiff to the same or equivalent position upon his return from protected leave; (2) terminating and/or constructively terminating Plaintiff for requesting and/or exercising his FFCRA/FMLA rights and/or for taking FMLA-qualifying leave; (3) failing to advise Plaintiff of his right to utilize FMLA leave and/or (4) considering Plaintiff's FFCRA/FMLA leave needs in making the decision to terminate and/or constructively terminate him.

63. These actions as aforesaid constitute violations of the FFCRA and the FMLA.

### Count III
### Violations of the Families First Coronavirus Response Act ("FFCRA") & the Fair Labor Standards Act ("FLSA")
### ([1] Wrongful Termination & [2] Retaliation)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. Effective April 1, 2020, the FFCRA provided for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act.

66. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

67. Plaintiff was an eligible employee as defined by FFCRA and the FLSA

68. Defendant knew that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA and Plaintiff was granted 80 hours of paid and protected leave under the FFCRA pursuant to the Emergency Paid Sick Leave Act ("EPSLA").

69. From April 2, 2020 through December 31, 2020, "An Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the EPSLA. Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the EPSLA, or has testified or is about to testify in any such proceeding." *See* 29 CFR 826.150(a).

70. Moreover, "An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217." 29 CFR 826.150(b)(2).

71.   Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.[2]

72.   It is believed and averred (based on the foregoing) that Defendant willfully terminated Plaintiff's employment in violation of the FFCRA and the FLSA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.   Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.   Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.   Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

---

[2] *See e.g.* Kofler v. Sayde Steeves Cleaning Serv., 2020 U.S. Dist. LEXIS 153551, at *4 (M.D. Fla. Aug. 25, 2020) ("Although the FLSA and FFCRA are different statutes, retaliation for asserting rights under the FFCRA violates the FLSA.")

  E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

  F. Plaintiff is to be awarded any statutory multipliers available to him as a matter of law;

  G. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

  H. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

           Respectfully submitted,

           **KARPF, KARPF & CERUTTI, P.C.**

By: _____
           Ari R. Karpf, Esq.
           W. Charles Sipio, Esq.
           Allison A. Barker, Esq.
           3331 Street Road
           Two Greenwood Square
           Building 2, Ste. 128
           Bensalem, PA 19020
           (215) 639-0801

Dated: December 23, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Pedro Jorge | CIVIL ACTION |
| v. | |
| Penn Beer Distributors, Inc. d/b/a Penn Beer and/or Penn Distributors | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 12/23/2020 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2087 Baker Drive, Allentown, PA 18103_____

Address of Defendant: __2801 Township Line Road, Hatfield, PA 19440_____

Place of Accident, Incident or Transaction: __Defendant's place of business_____

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12/23/2020_____  ___/s/_____  __ARK2484 / 91538__
                                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*
[ ]  1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ]  2. FELA
[ ]  3. Jones Act-Personal Injury
[ ]  4. Antitrust
[ ]  5. Patent
[ ]  6. Labor-Management Relations
[X]  7. Civil Rights
[ ]  8. Habeas Corpus
[ ]  9. Securities Act(s) Cases
[ ]  10. Social Security Review Cases
[ ]  11. All other Federal Question Cases
         *(Please specify): _____*

B.   *Diversity Jurisdiction Cases:*
[ ]  1. Insurance Contract and Other Contracts
[ ]  2. Airplane Personal Injury
[ ]  3. Assault, Defamation
[ ]  4. Marine Personal Injury
[ ]  5. Motor Vehicle Personal Injury
[ ]  6. Other Personal Injury *(Please specify):* _____
[ ]  7. Products Liability
[ ]  8. Products Liability – Asbestos
[ ]  9. All other Diversity Cases
         *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

[X]  Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]  Relief other than monetary damages is sought.

DATE: __12/23/2020_____  ___/s/_____  __ARK2484 / 91538__
                                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JORGE, PEDRO

**DEFENDANTS**
PENN BEER DISTRIBUTORS, INC. D/B/A PENN BEER AND//OR PENN DISTRIBUTORS

**(b)** County of Residence of First Listed Plaintiff: Lehigh
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)
Brief description of cause:
Violations of the ADA and other applicable law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____ DOCKET NUMBER: _____

DATE: 12/23/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset